Alfred Shaumyan (California Bar No. 266908)
alfred@sdalawgroup.com
Aren Derbarseghian (California Bar No. 304530)
aren@sdalawgroup.com
Amir Abdizadeh (California Bar No. 298114)
amir@sdalawgroup.com
**SDA Law Group P.C.**
535 N. Brand Blvd., Suite 280
Glendale, California 91203
Tel: (818) 574-0845
Fax: (818) 936-9696

Attorneys for Plaintiff ProHealth, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ProHealth, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Skyline Direct LLC, a Texas limited liability company, and Does 1-20.<br><br>Defendants. | Case No. 22-cv-8567<br><br>**Complaint for:**<br><br>1. **Federal Trademark Infringement (15 U.S.C. § 1114)**<br>2. **Federal Common Law Trademark Infringement**<br>3. **Federal Unfair Competition (15 U.S.C. § 1125(a))**<br>4. **Violation of California Business & Professions Code § 17200**<br>5. **Fraud**<br><br>**<u>Demand for Jury Trial</u>** |

Plaintiff, ProHealth, Inc. ("ProHealth"), brings this action against Skyline Direct LLC ("Skyline") and alleges as follows:

**The Parties, Jurisdiction, and Venue**

1. ProHealth is a corporation organized and existing under the laws of the State of California and has its principal place of business in Carpinteria, California.

2. ProHealth is informed and believes and thereon alleges that Skyline is a limited liability company and existing under the laws of the State of Texas and has its principal place of business in Houston, Texas.

3. This is a civil action for damages, declaratory relief, and injunctive relief. This Court has jurisdiction over the subject matter of this action under one or more of the following statutes: 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332(a)(2) (diversity of citizenship between citizens of different states with an amount in controversy exceeding $75,000); 28 U.S.C. § 1338(a) (Lanham Act); 28 U.S.C. § 1367 (supplemental jurisdiction); and 15 U.S.C. § 1121 (original jurisdiction of district courts for all actions arising under the Lanham Act).

4. This Court has personal jurisdiction over Skyline. On information and belief, Skyline advertises and transacts business throughout the United States, including in the State of California, and specifically, in this judicial district. Skyline has purposefully availed itself of doing business in this district by, among other things, advertising and selling its products and repair services in this district. Skyline has also engaged in continuous acts of trademark infringement, unfair competition, false advertising and related tortious actions within the State of California, including within this district and has caused injury to ProHealth in this district as a result of such conduct.

5. Venue is proper in this judicial district because Skyline is subject to personal jurisdiction in this district, because ProHealth resides in this district, and because the damages suffered by ProHealth were suffered, at least in part, within this district.

6. ProHealth is unaware of the true names and capacities of Does 1 through 20, inclusive and therefore sues these defendants by their fictitious names. ProHealth will amend this complaint to allege their true names and capacities when ascertained.

7. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendant, and was acting within the course and scope of such agency or employment. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused ProHealth's injuries as herein alleged. Skyline and Does 1 through 20 are collectively referred to herein as "Defendant" or "Defendants."

**Facts**

8. ProHealth was founded in 1988. ProHealth is a market leader in providing high-quality, science-backed supplements.

9. ProHealth markets and sells its products nationwide under the "ProHealth" trademarks. ProHealth has been using the ProHealth marks since at least 1988. ProHealth owns all right, title and interest in the ProHealth marks which are the subject of the United States Trademark Registration Nos. 3,049,460, 6,068,073, 6,053,422, and 5,320,050. Attached as Exhibit A are true and correct copies of the Trademark Registrations for the ProHealth marks.

10. ProHealth has been using the ProHealth marks extensively and continuously in interstate commerce. As a result of the extensive and continued use of the ProHealth marks in connection with the advertisement and sale of its products and services manufactured, sold and provided by ProHealth, consumers have come to recognize and identify the ProHealth marks as representative of the quality products and services provided by ProHealth. The ProHealth marks have become valuable assets of ProHealth as well as a symbol of ProHealth's goodwill and positive industry reputation.

11. ProHealth is informed and believes and thereon alleges that beginning in

or around June 2022 and continuing to the present, Defendant began using ProHealth's trademarks in its advertising and promotional materials without ProHealth's permission or consent. Defendant disseminated marketing materials and advertisements for the sale of ProHealth supplements on the internet, using the ProHealth marks to suggest, mislead and confuse consumers into believing that Defendant was associated with, authorized by or sponsored by ProHealth. Defendant suggests that it is an authorized distributor when it is not.

12. ProHealth products are sold with a manufacturer's warranty. ProHealth provides a 75-day 100% satisfaction guarantee for any vitamins and nutritional supplements, excluding bulk and wholesale orders, that customers are not completely satisfied with. Customers simply return the unused portion and receive a full refund.

13. For sales on the Amazon platform, ProHealth works hard to ensure that only authentic, high-quality products reach consumers in the condition that customers have come to expect from ProHealth. To ensure that ProHealth can guarantee quality and authenticity ProHealth does not authorize any third party to sell ProHealth products on Amazon. ProHealth offers a 75-day Money Back Guarantee for products purchased directly from the ProHealth Amazon store-front. ProHealth, however, does not honor the guarantee if the products are purchased from other Amazon sellers because ProHealth cannot guarantee that the products are real, in code, safe, and have been stored and transported in a manner that will preserve their high quality.

14. ProHealth is informed and believes and thereon alleges that Defendant sells ProHealth products on Amazon and represents to consumers that the products it sells are genuine ProHealth products and include all of the benefits of a ProHealth product sold by ProHealth or another authorized ProHealth seller. The ProHealth products sold by Defendant to consumers, however, do not include the protections and benefits of ProHealth's manufacturer's warranty, among other benefits. ProHealth is informed and believes and thereon alleges that Defendant does not disclose to consumers that the products sold by Defendant do not come with ProHealth's

manufacturer's warranty.

15. ProHealth has notified Amazon that Defendant is not authorized to sell the ProHealth products and is violating the ProHealth trademarks by doing so. Amazon has tried pulling Defendant's listings, but Defendant goes around Amazon's restrictions and continues to list ProHealth products. Amazon has also notified ProHealth that it must file this lawsuit in order for Amazon to continue restricting Defendant's listings.

16. ProHealth is further informed and believes that Defendant obtained ProHealth products through fraudulent and deceptive means. ProHealth is informed and believes that Defendant submitted an application to ProHealth to become an authorized retailer on behalf of a different company without the other company's approval and then used that company's account to purchase the products that it is now selling on Amazon.

17. ProHealth is informed and believes and thereon alleges that consumers are confused, deceived and misled by Defendant's sales representations, advertisements, and publications into purchasing ProHealth products from Defendant, believing Defendant is an authorized ProHealth distributor when it is not and that the products come with ProHealth's manufacturer's warranty when they do not.

18. Defendant's unauthorized use of the ProHealth marks is causing irreparable harm to ProHealth by confusing and misleading consumers and diverting sales away from ProHealth and its authorized dealers and distributors.

19. In undertaking the deceptive actions outlined above, Defendant confuses and misleads consumers as to the source, origin, quality, warranty, satisfaction, guarantee, sponsorship and/or approval of these ProHealth products, and misrepresents the nature and characteristics of these products.

20. Defendant's conduct including, but not limited to, its acts of trademark infringement, unfair competition, false advertising, and fraud have damaged ProHealth in an amount to be determined at trial, and will continue to damage ProHealth unless

restrained and enjoined by this Court. ProHealth is entitled to a preliminary and a permanent injunction, as set forth below, to disgorgement of Defendant's profits and restitution, and as a consequence of Defendant's willful and intentional misconduct, an award of enhanced damages, punitive damages and recovery of ProHealth's attorneys' fees and costs incurred in connection with this action.

## First Cause of Action

## Federal Trademark Infringement – 15 U.S.C. § 1114

## (Against Defendant and Does 1-20)

21. ProHealth incorporates by reference all allegations in the above paragraphs as though fully set forth herein.

22. The actions of Defendant described herein constitute infringement of ProHealth's registered trademarks in violation of Section 32(b) of the Lanham Act, 15 U.S.C.§ 1114(1).

23. ProHealth owns all right, title and interest in the ProHealth marks which are the subject of the United States Trademark Registration Nos. 3,049,460, 6,068,073, 6,053,422, and 5,320,050.

24. Defendant's willful, deliberate and unauthorized use of the ProHealth marks, or marks confusingly similar thereto, has caused confusion and is likely to continue to cause confusion, mistake and deception in that consumers are likely to associate and believe that Defendant is associated with, connected to, affiliated with, authorized by, endorsed by, licensed by and/or sponsored by ProHealth in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

25. As a direct and proximate result of Defendant's unauthorized use of ProHealth marks Defendant has damaged and will continue to damage ProHealth's goodwill and reputation, and has caused and is likely to continue to cause a loss of profits for ProHealth. Defendant's actions have caused and will continue to cause irreparable harm to ProHealth and to the public who is confused by Defendant's unauthorized use of the ProHealth marks unless restrained and enjoined by this Court.

ProHealth has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring ProHealth.

26. As a further direct and proximate cause of Defendant's actions, ProHealth has been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent consumer confusion in an amount to be proven at the time of trial. ProHealth is also entitled to disgorge Defendant's profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial. ProHealth is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

27. The damages sustained by ProHealth as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117.

## Second Cause of Action

## Federal Common Law Trademark Infringement

## (Against Defendant and Does 1-20)

28. ProHealth incorporates by reference all allegations in the above paragraphs as though fully set forth herein.

29. The actions of Defendant described herein constitute infringement of ProHealth's trademark rights under the federal common law.

30. ProHealth owns all right, title and interest in the ProHealth marks which are the subject of the United States Trademark Registration Nos. 3,049,460, 6,068,073, 6,053,422, and 5,320,050.

31. As a direct and proximate result of Defendant's unauthorized use of ProHealth's marks, or marks confusingly similar thereto, Defendant has damaged and will continue to damage ProHealth's goodwill and reputation, and has caused and is likely to continue to cause lost profits to ProHealth. Defendant's actions have caused and will continue to cause irreparable harm to ProHealth and to the public who is confused by Defendant's unauthorized use of the ProHealth marks, or marks

confusingly similar thereto, unless restrained and enjoined by this Court. ProHealth has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring ProHealth.

32. As a further direct and proximate cause of Defendant's actions, ProHealth has suffered, and will continue to suffer, general damages according to proof at trial. ProHealth is also entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent consumer confusion in an amount to be proven at the time of trial.

33. ProHealth is also entitled to disgorge Defendant's profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial. ProHealth is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## Third Cause of Action

## Federal Unfair Competition – 15 U.S.C. § 1125(a)

## (Against Defendant and Does 1-20)

34. ProHealth incorporates by reference all allegations in the above paragraphs as though fully set forth herein.

35. Defendant's unauthorized use of the ProHealth marks and its false or misleading descriptions of fact and/or false or misleading representations of fact in connection with the marketing, advertising, promotion, distribution, offering for sale and selling of its goods and services constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant has deliberately and willfully attempted to capitalize on ProHealth's goodwill and reputation established in connection with the ProHealth marks by misleading, confusing, or deceiving consumers as to source, origin, affiliation, approval, sponsorship, and/or association. Defendant has engaged in, and continues to engage in, its unlawful, intentional, and willful conduct without ProHealth's permission or consent.

37. ProHealth is informed and believes and thereon alleges that Defendant's misrepresentations of fact have deceived, and will continue to deceive, consumers about matters material to their decisions to purchase products from Defendant. Alternatively, Defendant's misrepresentations of fact have a tendency to deceive a significant portion of the consuming public about matters that are material to their decisions in purchasing products from Defendant. Defendant advertises on the internet and has therefore caused its misrepresentations of fact to enter interstate commerce.

38. As a direct and proximate result of Defendant's actions, Defendant has damaged, and will continue to cause damage to ProHealth through the diversion of sales, lost profits and damage to ProHealth's goodwill and the goodwill associated with ProHealth's marks and the ProHealth products and services associated with those marks. Moreover, Defendant's actions have caused, and will continue to cause, irreparable harm to ProHealth and to the public who is deceived as to the source and sponsorship of ProHealth's goods and services, as well as deceived as to the nature, characteristics and qualities of the products and services offered by ProHealth and Defendant, unless restrained and enjoined by this Court. ProHealth has no adequate remedy at law to prevent Defendant from continuing its infringing and unfair actions and from injuring ProHealth.

39. As a further direct and proximate result of Defendant's actions, ProHealth has been, and will continue to be, damaged and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. ProHealth is also entitled to disgorge Defendant's profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at trial. ProHealth is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

40. The damages sustained by ProHealth as a result of the conduct alleged

herein should be trebled in accordance with 15 U.S.C. § 1117.

## Fourth Cause of Action

## Violation of California Business & Professions Code § 17200

### (Against Defendant and Does 1-20)

41. ProHealth incorporates by reference all allegations in the above paragraphs as though fully set forth herein.

42. By engaging in the actions set forth herein including, but not limited to, the unauthorized use of ProHealth's intellectual property, and the dissemination of false, misleading and deceptive advertising, Defendant is engaging in unlawful, unfair and fraudulent business acts and practices in violation of California Business and Professions Code § 17200 *et. seq.*

43. As a direct and proximate result of Defendant's wrongful actions, ProHealth has been harmed and seeks both restitution as well as injunctive relief to remedy the harm caused by Defendant. ProHealth seeks a prohibitory injunction to enjoin Defendant's continued acts of unfair competition including its unauthorized use of Plaintiff's intellectual property, trade libel and its continued publication of false and misleading advertising, as well as a mandatory injunction requiring affirmative actions by Defendant to remedy or correct its unlawful, unfair and fraudulent practices.

## Fifth Cause of Action

## Fraud

### (Against Defendant and Does 1-20)

44. ProHealth incorporates by reference all allegations in the above paragraphs as though fully set forth herein.

45. As detailed above, Defendant misrepresented its identity and submitted an application on behalf of another company to become an authorized retailer without the other company's approval. Defendant then used that company's information to purchase ProHealth products and sell them without ProHealth's authorization.

46. Defendant knew that the representation was false when it made it or

made the representation recklessly and without regard for its truth.

47. Defendant intended that ProHealth rely on the above representation.

48. ProHealth reasonably relied on Defendant's representations.

49. ProHealth has suffered significant monetary damages because of Defendant's representations. The exact amount of damages sustained by ProHealth is unknown at this time but will be established according to proof at trial.

50. ProHealth's reliance on Defendant's representations was a substantial factor in causing its harm.

51. Defendant's employees, officers, directors, and/or managing agents acted with malice oppression, and fraud because they willfully made the above misrepresentation knowing that it would harm ProHealth. Accordingly, an award of punitive damages is warranted. ProHealth is informed and believes, and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**Prayer**

ProHealth prays for judgment against Defendant, and Does 1 through 20, as follows:

1. For an order that, by the acts complained herein, Defendants have infringed the ProHealth trademarks in violation of 15 U.S.C. § 1114 and federal common law;

2. That Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125 and California Business and Professions Code § 17200 et. seq.;

3. For an order temporarily, preliminarily and permanently enjoining Defendants, and all of their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from using the ProHealth

marks, or any other mark or trade dress confusingly;

4. For a judgment directing that any products in the possession, custody or control of Defendants which infringe the ProHealth marks be delivered up and destroyed within 30 days of entry of judgment;

5. For compensatory damages in an amount to be proven at trial, including disgorgement of profits or gains of any kind made by Defendants from their infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

6. For treble damages pursuant to 15 U.S.C. § 1117;

7. For an accounting and restitution and disgorgement of all payments, profits, and revenues Defendants obtained as a result of their wrongful conduct, in an amount to be proven at trial, including pursuant to 15 U.S.C. § 1117

8. For an order awarding ProHealth its costs and attorneys' fees; and

9. For such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

ProHealth demands a trial by jury on all claims.

**SDA Law Group P.C.**

Dated: November 23, 2022            By: __/s/ *Alfred Shaumyan*__
                                         Alfred Shaumyan
                                         Aren Derbarseghian
                                         Amir Abdizadeh
                                         Attorneys for Plaintiff
                                         ProHealth, Inc.